# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EDWIN SUTPHIN,**

                        **Plaintiff,**

**-vs-**                                                     **Case No. 6:09-cv-1614-Orl-28DAB**

**ZONTROM, LLC,**

                        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR STATUS OF CASE (Doc. No. 40)**
>
> **FILED:**       **January 21, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part. To the extent the motion seeks the status of the case, it is provided herein. It is further **recommended** that the case be **dismissed.**

      As is set forth in detail in prior Order (Doc. No. 38), this case has had an unfortunate trajectory. Plaintiff filed this Fair Labor Standards Act ("FLSA") case against Defendant Zontrom, LLC, which Plaintiff alleges in his Complaint is a "Florida corporation providing property management services throughout the State of Florida and the United States." (Doc. No. 1). Defendant filed an Answer pro se, through its "proprietor." (Doc. No. 7). The Answer averred that Defendant is a "solely owned small business . . . engaged in retail food and beverage sales" and was not covered

by the provisions of FLSA. The Answer attached income tax returns, payroll records and other documents supporting these averments.

While this case was pending in the Jacksonville division of this Court, Magistrate Judge Richardson allowed Defendant to proceed pro se, provided he adequately defended the action (Doc. No. 12). The Court granted Plaintiff's motion for reconsideration of that ruling on May 21, 2009, and Defendant was ordered to retain counsel within thirty days (Doc. No. 17). Defendant moved pro se for reconsideration of that Order, and, upon transfer to this division, District Judge Antoon found that Defendant was not capable of defending on a pro se basis and denied the motion (Doc. No. 32). To date, counsel has not appeared on Defendant's behalf.

Plaintiff moved for default for failing to obtain legal counsel, and this Court denied same (Doc. Nos. 33-4). Plaintiff then moved for entry of a default for failing to file an answer or responsive pleading and the default was granted on that basis (Doc. Nos. 35-6). This Court gave Plaintiff until November 23 to file a "properly supported" motion for entry of default judgment (Doc. No. 36). Plaintiff filed his Amended Motion for Default Judgment (Doc. No. 37), which the undersigned denied, finding Plaintiff failed to establish liability or the amount of damages (Doc. No. 38). The basis for the denial, as stated in detail in the Order, was Plaintiff's failure to establish any facts to support his contention that Defendant was, in fact, an employer subject to the FLSA provisions, and Plaintiff's tendering of an Affidavit that was markedly inconsistent with a prior Affidavit filed in another case in this division.

In addition to denying the default judgment, the Court ordered Plaintiff and his counsel to show cause why sanctions, including dismissal of this action and referral to the proper authorities, should not be imposed against counsel and his client for "attempting to commit a fraud upon the Court." Plaintiff's response, through his counsel, is presented in an unsworn filing (Doc. No. 39),

which attempts to explain away the inconsistencies. In that response, Plaintiff purports to provide the missing evidence and again requests a default judgment. Upon review of that filing, and the handwritten papers attached, the Court finds that the "explanations" presented are not credible, and the "proof" remains inadequate.

**Analysis of Motion for Default Judgment**

To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendant employed him; (2) Defendant is an enterprise engaged in interstate commerce covered by the FLSA (or Plaintiff is otherwise covered under FLSA); (3) Plaintiff actually worked in excess of a 40-hour workweek; and (4) Defendant did not pay any overtime wages to him. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir.2008). The FLSA defines an "enterprise engaged in commerce" as, among other things, an enterprise with annual gross revenue of $500,000 or greater. 29 U.S.C. § 203(s). For "individual coverage" to apply under FLSA, Plaintiff must prove that he was: 1) engaged in commerce or 2) engaged in the production of goods for commerce. 29 U.S.C. § 206(a)(1). The work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA:

> [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely

related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268.

In the prior Order denying default judgment, the Court found that Plaintiff had presented no evidence that the FLSA provisions are applicable to his employment with Defendant. As stated by the Court: "There is no showing that a handyman is engaged in commerce or the production of goods for commerce, or that a small, local bar "on the brink of closing" meets the requirements of an enterprise." (Doc. No. 38). Although Plaintiff's response addresses the deficiencies of his Amended Motion for Default Judgment, noting counsel's "inane error of not putting forth evidence showing entitlement to overtime being claimed by Plaintiff," and attaching what is represented to be handwritten log of hours kept by Plaintiff and copies of three checks, Plaintiff *still* does not present any evidence as to the critical first element of his case: liability under the FLSA.

> As noted by the Southern District:
>
> While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. *See Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

*Silver v. Dr. Neal Krouse*, *D.O., P.A.*, 2007 WL 4098879 (S.D. Fla. 2007) (slip opinion). Here, as a matter of law, Plaintiff has failed to establish FLSA coverage to the facts at hand. Absent this basic showing establishing liability, there can be no judgment, default or otherwise. To the extent the response incorporates another motion for entry of default judgment, it is respectfully recommended that a default judgment be **denied.** As Plaintiff has failed to establish liability as a matter of law, it is **further recommended** that the complaint be **dismissed.** *See Gustavo Petasne v. La Cunia &*

*Bakery, LLC,* Case No. 6:07-cv-1280-31DAB (denying motion for default judgment and dismissing case for failure to establish FLSA coverage).

**Order to Show Cause Response**

To the extent Plaintiff's filing purports to respond to the show cause Order by claiming that the inconsistent Affidavits were not really inconsistent, the Court is unconvinced. As set forth in prior Order:

> Although Plaintiff swears in his Affidavit that he was employed by Defendant from "approximately April 1, 2008," and that he is owed overtime for hours worked "from April 2, 2008 through July 2, 2008," the Court takes judicial notice that this *same Plaintiff* swore under oath in an earlier case that he was, in fact, employed by a *different* company from March 14, 2008 "through April 16, 2008." *Edward Sutphin v. Steve Harper Painting, Inc.,* Case No. 6:08-cv-1124-Orl-19DAB, Doc. No. 13.[footnote omitted]. In that case, Plaintiff swore that he worked for Steve Harper Painting, Inc. from 7:00 am to 7:30 pm, Monday through Saturday, through April 16, 2008. *Id.*

(Doc. No. 38).

In his response (Doc. No. 39), counsel, not Plaintiff, states that Plaintiff was, in fact, "laid off" by Steve Harper Painting "on or about the morning of April 1, 2008" but was still owed pay for work previously performed and thus "remained on the books" and continued to receive paychecks, despite not performing any additional physical labor through April 16, 2008. In the meantime, according to counsel, Plaintiff started working for Zontrom and thus: "Plaintiff Mr. Sutphin was "on the books" as an employee of both Steve Harper Painting, Inc., and Zontrom, LLC from the time period of April 1 through April 16, 2008, despite only performing physical labor for Defendant Zontrom [starting on April 2, 2008]."

Quite simply, the Court is not persuaded by this second hand, unsworn hearsay statement. Plaintiff cannot have it both ways: he cannot claim to be an employee of company x, entitled to overtime for his employment "through" a particular date while, at the same time, claim that he is also

entitled to overtime at company y, where he was "really" working. Moreover, the numbers simply do not add up. In sworn Affidavit, Plaintiff claims he worked 435 hours of overtime for Zontrom, from the period of April 1 through July 2, 2008 (Doc. No. 37-1). In the recent filing, however, counsel states that Plaintiff "is claiming overtime hours worked starting from approximately April 7, 2008 through and including the week of June 23, 2008." (Doc. No. 39 at 6). Even if the Court were to overlook the fact that Plaintiff keeps changing his dates of employment and credit every hour claimed on the handwritten log now attached to the response, the overtime does not add up to 435 hours (Doc. No. 39-1). Regardless of how charitably the Court views the filings, Plaintiff's claim is not credible. In view of the recommended dismissal on other grounds, however, the Court does not recommend the imposition of a sanction on either Plaintiff or his counsel, for the filing of what the Court finds to be a false representation to the Court. *See, generally,* Rule 11, Federal Rules of Civil Procedure.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 5, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy